IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| THE BOARD OF COUNTY COMMISSIONERS OF OSAGE COUNTY, STATE OF OKLAHOMA,  Plaintiff,  v.  PURDUE PHARMA L.P., *et al.*,  Defendants. | Case No. 18-CV-461-GKF-JFJ |

## OPINION AND ORDER

Before the court is the motion to stay [Doc. 62] of defendants McKesson Corporation, Cardinal Health, Inc., and AmerisourceBergen Drug Corporation. The movants seek a stay of proceedings pending a final decision by the Judicial Panel on Multidistrict Litigation ("JPML") as to the transfer of this action to a multidistrict litigation pending in the Northern District of Ohio, *In re National Prescription Opiate Litigation*, MDL No. 2804. For the reasons set forth below, the motion is granted.

## I. BACKGROUND

On December 5, 2017, the JPML formed MDL 2804 in the Northern District of Ohio to coordinate the resolution of numerous opioid-related actions then pending in federal court. *See In re Nat'l Prescription Opiate Litig.*, 290 F. Supp. 3d 1375, 1378 (JPML 2017). The plaintiffs in the actions alleged that "(1) manufacturers of prescription opioid medications overstated the benefits and downplayed the risks of the use of their opioids and aggressively marketed . . . these drugs to physicians, and/or (2) distributors failed to monitor, detect, investigate, refuse and report suspicious orders of prescription opiates." *Id.* Those plaintiffs brought "claims for violation of RICO statutes, consumer protection laws, state analogues to the Controlled Substances Act, as well

as common law claims such as public nuisance, negligence, negligent misrepresentation, fraud and unjust enrichment." *Id.*  The JPML concluded that centralization would "substantially reduce the risk of duplicative discovery, minimize the possibility of inconsistent pretrial obligations, and prevent conflicting rulings on pretrial motions." *Id.*

On March 26, 2018, the plaintiff filed a petition in the District Court of Osage County, State of Oklahoma.  [Doc. 2, pp. 36–323].  The plaintiff later filed an amended petition and, on June 13, 2018, filed a second amended petition.  [Doc. 2, pp. 630–920].  The second amended petition asserts causes of action for violation of Oklahoma consumer protection and RICO statutes, public nuisance, fraud, unjust enrichment, negligence, and negligent marketing in connection with the distribution of prescription opioids.  [*Id.*].

On September 6, 2018, defendant McKesson Corporation removed this action on the basis of federal question jurisdiction, asserting that the plaintiff's claims arise under the federal Controlled Substances Act, 21 U.S.C. § § 801, *et seq.* ("CSA") and related regulations.  [Doc. 2, p. 5].  That same day, defendants Endo Health Solutions Inc. and Endo Pharmaceuticals Inc. filed a supplemental notice in support of removal arguing that the action was also removable based on diversity jurisdiction because the plaintiff had fraudulently misjoined the non-diverse dealer physicians.  [Doc. 7, p. 2].

On September 19, 2018, the plaintiff moved to remand this action back to state court. [Doc. 43].  That same day, the JPML issued a conditional transfer order to the MDL on the ground that the action appears to "involve questions of fact that are common to the actions previously transferred."  Conditional Transfer Order (CTO-56), *In re National Prescription Opiate Litigation*, MDL No. 2804 (JPML Sept. 19, 2018), ECF 2529.  Thereafter, the plaintiff filed an opposition to

transfer with the JPML. Notice of Opposition (CTO-56), *In re National Prescription Opiate Litigation*, MDL No. 2804 (Sept. 26, 2018), ECF 2621.

On September 24, 2018, the moving defendants filed this motion to stay proceedings pending a final transfer decision by the JPML. [Doc. 62]. On October 23, 2018, the plaintiff filed a response in opposition to the motion to stay.[1] [Doc. 80]. On November 6, 2018, the moving defendants filed a reply. [Doc. 86].

## II. LEGAL STANDARD

This court's power to stay proceedings is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "When a motion to transfer has been filed with MDL, a district court should consider three factors in determining if a case should be stayed pending a ruling on the motion to transfer: (1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicate litigation if the cases are in fact consolidated." *Bd. of Cty. Commissioners of Delaware Cty., Oklahoma v. Purdue Pharma L.P.*, No. 18-CV-0460-CVE-JFJ, 2018 WL 5307623, at *1 (N.D. Okla. Oct. 26, 2018) (quoting *Oklahoma ex rel. Pruitt v. U.S. E.P.A.*, No. 15-CV-0381-CVE-FHM, 2015 WL 4607903, at *2 (N.D. Okla. July 31, 2015)).

"As a general rule, courts frequently grant stays pending a decision by the MDL panel regarding whether to transfer a case." *Oklahoma ex rel. Pruitt*, 2015 WL 4607903, at *2 (quoting *Cheney v. Eli Lilly & Co.*, No. 14-CV-02249-KMT, 2014 WL 7010656, at *1 (D. Colo. Dec. 9, 2014)). As explained in the Manual for Complex Litigation, a "stay pending the Panel's decision

---

[1] As noted by the moving defendants, the plaintiff's response was untimely pursuant to LCvR7.2(e). Nevertheless, the court elected to consider the arguments contained therein.

3

can increase efficiency and consistency, particularly when the transferor court believes that a transfer order is likely and when the pending motions raise issues likely to be raised in other cases as well." MCL 4th § 22.35.

### III.  ANALYSIS

In opposition to the stay, the plaintiff suggests that stays are categorically improper when jurisdictional issues are pending.  Such a rule is inconsistent with the weight of authority, as "courts have repeatedly noted that the 'general rule is for federal courts to defer ruling on pending motions to remand in MDL litigation until after the [JPML] has transferred the case.'" *Little v. Pfizer, Inc.*, No. C-14-1177 EMC, 2014 WL 1569425, at *3 (N.D. Cal. Apr. 18, 2014) (quoting *Robinson v. DePuy Orthopaedics, Inc.*, No. 3:12–cv–00003, 2012 WL 831650 (W.D. Va. Mar. 6, 2012)). Indeed, courts have granted stays despite pending remand motions in similar opioid-related cases. *See, e.g.*, *Bd. of Cty. Commissioners of Delaware Cty*, 2018 WL 5307623, at *1 ("[A]lthough plaintiff will endure some delay in adjudication of its remand motion if the case is stayed, any prejudice resulting from that delay is outweighed by the benefits of centralized consideration of the jurisdictional issues and conservation of judicial resources."); Opinion & Order, *Lac Courte Oreilles Band of Lake Superior Chippewa Indians v. McKesson Corp.*, No. 18-cv-286-jdp (W.D. Wis. May 25, 2018), ECF 26, *available at* [Doc. 66-2] ("Staying the proceedings so that one court can issue one ruling on a difficult issue appears to be the best option for all involved.").

The plaintiff argues that it will be prejudiced by the delay in the hearing of its motion to remand.  If the JPML does not transfer this action to the MDL, the only prejudice to the plaintiff resulting from a stay will be the minimal delay until the JPML's final transfer decision, as this court would then decide the motion to remand.  The court is mindful that, if the JPML does transfer this action, the plaintiff will likely endure some delay in the adjudication of its remand motion.

The plaintiff argues that it will be "irreparably harmed" by a transfer to the MDL because "Judge Polster of the MDL has held that he will not act on any motions to remand and placed a moratorium on filing such motions." [Doc. 80 at 5]. However, at a hearing on December 13, 2017, Judge Polster expressed his preference for a "framework" that would allow consistent resolution of remand motions. Transcript of Teleconference Proceedings, *In re National Prescription Opiate Litigation*, No. 1:17-md-02804-DAP (N.D. Ohio), ECF 10, pp. 14–15. On April 11, 2018, Judge Polster entered a case management order providing in relevant part that "the Court will adopt a procedure, based on input from the parties, to efficiently address the filing and briefing of motions for remand at an appropriate time in the MDL proceedings." Case Management Order One, *In re National Prescription Opiate Litigation*, No. 1:17-md-02804-DAP (N.D. Ohio), ECF 232, p. 19.

A preliminary assessment of the jurisdictional issues in this case suggests that they are not straightforward. Moreover, similar issues have already arisen in cases that have been transferred to the MDL. *See, e.g.*, *City of Paterson v. Purdue Pharma L.P.*, No. 2:17-cv-13433 (D.N.J.); *N. Mississippi Med. Ctr., Inc. v. McKesson Corp.*, No. 1:18-cv-0078 (N.D. Miss.); *Cty. of Hudson v. Purdue Pharma L.P.*, No. 2:18-cv-9029 (D.N.J.). A stay will allow for centralized consideration of the jurisdictional issues and conservation of judicial resources. The court finds that, under the circumstances, the gains in judicial efficiency and consistency allowed by a stay outweigh the potential prejudice to the plaintiff resulting from delay in the adjudication of its motion to remand.

WHEREFORE, the moving defendants' joint motion to stay proceedings pending a final transfer decision by the JPML [Doc. 62] is granted and this matter is stayed.

IT IS SO ORDERED this 14th day of November, 2018.

GREGORY K. FRIZZELL, CHIEF JUDGE